## CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

### I. (a) PLAINTIFFS
BOARD OF TRUSTEES OF THE LABORERS' DISTRICT COUNCIL CONSTRUCTION INDUSTRY PENSION FUND, et al.

**DEFENDANTS**
VG CONCRETE, LLC

**(b)** County of Residence of First Listed Plaintiff   Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Mariellen D. Bello
Susanin, Widman & Brennan, P.C
656 East Swedesford Road, Suite 330, Wayne, PA 19087

Attorneys *(If Known)*

### II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1   U.S. Government Plaintiff

☒ 3   Federal Question
         *(U.S. Government Not a Party)*

☐ 2   U.S. Government Defendant

☐ 4   Diversity
         *(Indicate Citizenship of Parties in Item III)*

### III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal | ☐ 376 Qui Tam (31 USC |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | | 28 USC 157 | 3729(a)) |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | | ☐ 835 Patent - Abbreviated | ☐ 460 Deportation |
| Student Loans | ☐ 340 Marine | Injury Product | | New Drug Application | ☐ 470 Racketeer Influenced and |
| (Excludes Veterans) | ☐ 345 Marine Product | Liability | | ☐ 840 Trademark | Corrupt Organizations |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | Act | ☐ 862 Black Lung (923) | ☐ 485 Telephone Consumer |
| ☐ 190 Other Contract | Product Liability | ☐ 380 Other Personal | ☐ 720 Labor/Management | ☐ 863 DIWC/DIWW (405(g)) | Protection Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Property Damage | Relations | ☐ 864 SSID Title XVI | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 850 Securities/Commodities/ |
| | ☐ 362 Personal Injury - | Product Liability | ☐ 751 Family and Medical | | Exchange |
| | Medical Malpractice | | Leave Act | | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 891 Agricultural Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☒ 791 Employee Retirement | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | Income Security Act | or Defendant) | ☐ 895 Freedom of Information |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate | | ☐ 871 IRS—Third Party | Act |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | Sentence | | 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 530 General | | | ☐ 899 Administrative Procedure |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** | | Act/Review or Appeal of |
| | Employment | **Other:** | ☐ 462 Naturalization Application | | Agency Decision |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | ☐ 950 Constitutionality of |
| | Other | ☐ 550 Civil Rights | Actions | | State Statutes |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

### V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation - Transfer
☐ 8 Multidistrict Litigation - Direct File

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Employee Retirement Income Security Act, 29 U.S.C. Sec. 1002
Brief description of cause:
Delinquent Benefit Contributions

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ at least 1121,304.81 plus injunctive relief

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

### VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE   10-4-19
SIGNATURE OF ATTORNEY OF RECORD   *Mariellen Bello*

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

**DESIGNATION FORM**

*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ See Attached List _____

Address of Defendant: _____ 240 Franklinville Road, Woolwich, NJ 08085 _____

Place of Accident, Incident or Transaction: _____ Philadelphia _____

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? — Yes ☐  No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? — Yes ☐  No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court? — Yes ☐  No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? — Yes ☐  No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: ___10-4-19___          *Mariellen Bello*          ___60375___
                          Must sign here
                    *Attorney-at-Law / Pro Se Plaintiff*          *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

**A.  Federal Question Cases:**

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☑ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    *(Please specify): _____*

**B.  Diversity Jurisdiction Cases:**

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury *(Please specify): _____*
7. ☐ Products Liability
8. ☐ Products Liability – Asbestos
9. ☐ All other Diversity Cases
    *(Please specify): _____*

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, ___Mariellen D. Bello___, counsel of record *or* pro se plaintiff, do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☑ Relief other than monetary damages is sought. *+ in addition to*

DATE: ___10-4-19___          *Mariellen Bello*          ___60375___
                          Sign here if applicable
                    *Attorney-at-Law / Pro Se Plaintiff*          *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

## Plaintiff List

BOARD OF TRUSTEES OF THE LABORERS'
DISTRICT COUNCIL CONSTRUCTION
INDUSTRY PENSION FUND
PO Box 37003
Philadelphia, PA 19122

LABORERS' DISTRICT COUNCIL
CONSTRUCTION INDUSTRY PENSION FUND
PO Box 37003
Philadelphia, PA 19122

BOARD OF TRUSTEES OF THE LABORERS'
DISTRICT COUNCIL BUILDING AND
CONSTRUCTION HEALTH AND WELFARE FUND
PO Box 37003
Philadelphia, PA 19123

LABORERS' DISTRICT COUNCIL
BUILDING AND CONSTRUCTION HEALTH
AND WELFARE FUND
PO Box 37003
Philadelphia, PA 19123

BOARD OF TRUSTEES OF THE LABORERS'
DISTRICT COUNCIL PREPAID LEGAL SERVICES
FUND
PO Box 37003
Philadelphia, PA 19122

LABORERS' DISTRICT COUNCIL PREPAID
LEGAL SERVICES FUND
PO Box 37003
Philadelphia, PA 19122

BOARD OF TRUSTEES OF THE LABORERS'
DISTRICT COUNCIL EDUCATION AND TRAINING/
APPRENTICESHIP
FUND
501 Lancaster Pike
Exton, PA 19341

LABORERS' DISTRICT COUNCIL EDUCATION
AND TRAINING/ APPRENTICESHIP FUND

501 Lancaster Pike
Exton, PA 19341

BOARD OF TRUSTEES OF THE LABORERS'
DISTRICT COUNCIL LABORERS-EMPLOYERS
COOPERATION AND EDUCATION TRUST
501 Lancaster Pike
Exton, PA 19341

LABORERS' DISTRICT COUNCIL LABORERS'
EMPLOYERS COOPERATION AND EDUCATION
TRUST
665 North Broad Street, 4th Floor
Philadelphia, PA 19123

GENERAL BUILDING CONTRACTORS'
ASSOCIATION
36 S. 18th Street
Philadelphia, PA 19103

LABORERS' DISTRICT COUNCIL REGIONAL,
STATE AND LOCAL HEALTH AND SAFETY FUND
PO Box 37003
Philadelphia, PA 19122

THE LABORERS' DISTRICT COUNCIL
OF THE METROPOLITAN AREA OF
PHILADELPHIA AND VICINITY,
LABORERS' INTERNATIONAL UNION OF NORTH
AMERICA
665 N. Broad Street
Philadelphia, PA 19123

ALAN R. PARHAM, FUND ADMINISTRATOR
665 N. Broad Street, 2nd Fl.
Philadelphia, PA 19123

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Board of Trustees of the Laborers' District Council Construction Industry Pension Fund, et al.    v. | : : : : | CIVIL ACTION |
| VG Concrete, LLC | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.               ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.               ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.               ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court.  (See reverse side of this form for a detailed explanation of special management cases.)               ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.          (X)


| | | |
|---|---|---|
| _10-4-19_ | _Marielle Bell_ | Plaintiffs |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (610) 710-4510 | (610) 710-4520 | mbello@swbcounsellors.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

BOARD OF TRUSTEES OF THE LABORERS'          :
DISTRICT COUNCIL CONSTRUCTION               :
INDUSTRY PENSION FUND                        :          CIVIL ACTION NO.
PO Box 37003                                 :
Philadelphia, PA 19122                       :
                                             :
LABORERS' DISTRICT COUNCIL                   :
CONSTRUCTION INDUSTRY PENSION FUND           :
PO Box 37003                                 :
Philadelphia, PA 19122                       :
                                             :
BOARD OF TRUSTEES OF THE LABORERS'          :
DISTRICT COUNCIL BUILDING AND                :
CONSTRUCTION HEALTH AND WELFARE FUND         :
PO Box 37003                                 :
Philadelphia, PA 19123                       :
                                             :
LABORERS' DISTRICT COUNCIL                   :
BUILDING AND CONSTRUCTION HEALTH             :
AND WELFARE FUND                             :
PO Box 37003                                 :
Philadelphia, PA 19123                       :
                                             :
BOARD OF TRUSTEES OF THE LABORERS'          :
DISTRICT COUNCIL PREPAID LEGAL SERVICES      :
FUND                                         :
PO Box 37003                                 :
Philadelphia, PA 19122                       :
                                             :
LABORERS' DISTRICT COUNCIL PREPAID           :
LEGAL SERVICES FUND                          :
PO Box 37003                                 :
Philadelphia, PA 19122                       :
                                             :
BOARD OF TRUSTEES OF THE LABORERS'          :
DISTRICT COUNCIL EDUCATION AND TRAINING/     :
APPRENTICESHIP                               :
FUND                                         :
501 Lancaster Pike                           :
Exton, PA 19341                              :
                                             :
LABORERS' DISTRICT COUNCIL EDUCATION         :
AND TRAINING/ APPRENTICESHIP FUND            :

501 Lancaster Pike                                                :
Exton, PA 19341                                                  :
                                                                 :
BOARD OF TRUSTEES OF THE LABORERS'                               :
DISTRICT COUNCIL LABORERS-EMPLOYERS                              :
COOPERATION AND EDUCATION TRUST                                  :
501 Lancaster Pike                                               :
Exton, PA 19341                                                  :
                                                                 :
LABORERS' DISTRICT COUNCIL LABORERS'                             :
EMPLOYERS COOPERATION AND EDUCATION                              :
TRUST                                                            :
665 North Broad Street, 4th Floor                                :
Philadelphia, PA 19123                                           :
                                                                 :
GENERAL BUILDING CONTRACTORS'                                    :
ASSOCIATION                                                      :
36 S. 18th Street                                                :
Philadelphia, PA 19103                                           :
                                                                 :
LABORERS' DISTRICT COUNCIL REGIONAL,                             :
STATE AND LOCAL HEALTH AND SAFETY FUND                           :
PO Box 37003                                                     :
Philadelphia, PA 19122                                           :
                                                                 :
THE LABORERS' DISTRICT COUNCIL                                   :
OF THE METROPOLITAN AREA OF                                      :
PHILADELPHIA AND VICINITY,                                       :
LABORERS' INTERNATIONAL UNION OF NORTH                           :
AMERICA                                                          :
665 N. Broad Street                                              :
Philadelphia, PA 19123                                           :
                                                                 :
ALAN R. PARHAM, FUND ADMINISTRATOR                               :
665 N. Broad Street, 2nd Fl.                                     :
Philadelphia, PA 19123                                           :
                                                                 :
                            Plaintiffs                           :
                                                                 :
              v.                                                 :
                                                                 :
VG CONCRETE, LLC                                                 :
240 Franklinville Road                                           :
Woolwich, NJ 08085                                               :
                                                                 :
                            Defendant                            :
                                                                 :

2

## COMPLAINT

Plaintiffs, by and through their undersigned attorney, hereby file this Complaint against VG Concrete, LLC (hereafter referred to as "Defendant Employer"). In support of their claims, Plaintiffs aver as follows:

## THE PARTIES

1.       The Laborers' District Council Construction Industry Pension Fund ("Pension Fund") is a trust fund established and maintained pursuant to the provisions of Section 302(c)(5) of the Labor Management Relations Act of 1947, as amended, ("the LMRA"), 29 U.S.C. §186(c)(5), and an employee benefit plan under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §1002(3). The Board of Trustees of the Pension Fund ("Pension Fund Trustees") manages and controls the Pension Fund. The Pension Fund Trustees are fiduciaries within the meaning of section 502(a)(1)(3) of ERISA, 29 U.S.C., Section 1132(a)(1)(3). The Pension Fund Trustees, individually and collectively, bring this action in their fiduciary capacity on behalf of the Pension Fund and its participants and beneficiaries.

2.       The Laborers' District Council Health and Welfare Fund ("Health and Welfare Fund") is a trust fund established and maintained pursuant to the provisions of Section 302(c)(5) of the LMRA, 29 U.S.C. §186(c)(5), and an employee benefit plan under ERISA, 29 U.S.C. §1002(3). The Board of Trustees of the Health and Welfare Fund ("Health and Welfare Fund Trustees") manages and controls the Health and Welfare Fund. The Health and Welfare Fund Trustees are fiduciaries within the meaning of section 502(a)(1)(3) of ERISA, 29 U.S.C., Section 1132(a)(1)(3). The Health and Welfare Fund Trustees, individually

3

and collectively, bring this action in their fiduciary capacity on behalf of the Health and Welfare Fund and its participants and beneficiaries.

3.      The Laborers' District Council Prepaid Legal Services Fund ("Legal Services Fund") is a trust fund established and maintained pursuant to the provisions of Section 302(c)(5) of the LMRA, 29 U.S.C. §186(c)(5), and an employee benefit plan under ERISA, 29 U.S.C. §1002(3). The Board of Trustees of the Legal Services Fund ("Legal Services Fund Trustees") manages and controls the Legal Services Fund. The Legal Services Fund Trustees are fiduciaries within the meaning of section 502(a)(1)(3) of ERISA, 29 U.S.C., § 1132(a)(1)(3). The Legal Services Fund Trustees, individually and collectively, bring this action in their fiduciary capacity on behalf of the Legal Services Fund and its participants and beneficiaries.

4.      The   Laborers'   District   Council   Education   and Training/Apprenticeship Fund ("Training Fund") is a trust fund established and maintained pursuant to the provisions of Section 302(c)(5) of the LMRA, 29 U.S.C. §186(c)(5), and an employee benefit plan under ERISA, 29 U.S.C. §1002(3). The Board of Trustees of the Training Fund ("Training Fund Trustees") manages and controls the Training Fund. The Training Fund Trustees are fiduciaries within the meaning of section 502(a)(1)(3) of ERISA, 29 U.S.C., Section 1132(a)(1)(3). The Training Fund Trustees, individually and collectively, bring this action in their fiduciary capacity on behalf of the Training Fund and its participants and beneficiaries.

5.     The Laborers' District Council Laborers' Employers' Cooperation and Education Trust ("LECET Fund") is a trust fund established and maintained pursuant to the provisions of Section 302(c)(5) of the LMRA, 29 U.S.C. §186(c)(5), and an employee benefit plan under ERISA, 29 U.S.C. §1002(3). The Board of Trustees of the LECET Fund ("LECET Fund Trustees") manages and controls the LECET Fund. The LECET Fund Trustees are fiduciaries within the meaning of section 502(a)(1)(3) of ERISA, 29 U.S.C., Section 1132(a)(1)(3). The LECET Fund Trustees, individually and collectively, bring this action in their fiduciary capacity on behalf of LECET Fund and its participants and beneficiaries.

6.     The Laborers' Philadelphia Area Local Health and Safety Fund ("Health and Safety Fund") is a trust fund established and maintained pursuant to the provisions of Section 302(c)(5) of the LMRA, 29 U.S.C. §186(c)(5) for the purpose of providing health and safety benefits through qualified health and safety benefit programs. Plaintiff Board of Trustees of the Health and Safety Fund ("Health and Safety Fund Trustees") manages and controls the Health and Safety Fund. The Health and Safety Fund Trustees are fiduciaries of the Health and Safety Fund and the Health and Safety Fund Trustees, individually and collectively, bring this action in their fiduciary capacity on behalf of the Health and Safety Fund and its participants and beneficiaries.

7.     Except for the Health and Safety Fund, each of the aforementioned Funds is a "multi-employer plan" under ERISA, 29 U.S.C. §1002(37). Each of the aforementioned Funds maintains its principal place of business in Philadelphia, PA, with the exception of the Training Fund, which maintains its principal place of

5

business in Exton, PA. The aforementioned Funds will be hereinafter referred to collectively as the "Funds." The Funds, which are employee benefit plans under ERISA, 29 U.S.C. §1002(3), will be hereinafter referred to collectively as the "ERISA Funds".

8.      Alan R. Parham, 665 N. Broad Street, 2nd Floor, Philadelphia, PA 19123 is the administrator of the Funds.

9.      The General Building Contractors Association ("GBCA") is an association of construction industry contractors and service providers. The GBCA sponsors and manages the GBCA Industry Advancement Program ("GBCA IAP") which is funded by contributions required under the Collective Bargaining Agreement between the GBCA and the Laborers' District Council.

10.      The Laborers' District Council of the Metropolitan Area of Philadelphia and Vicinity, Laborers' International Union of North America ("the Union" or "Laborers' District Council") is an unincorporated labor organization engaged in representing employees for the purpose of collective bargaining.

11.      The Union's Political Action Committee fund (hereafter "PAC") is funded by employers' deductions of wages from all employees covered by the Agreement and contributions are made to the Laborers' District Council PAC.

12.      Defendant Employer is an employer in an industry affecting commerce within the meaning of Section 301(a) of the LMRA, 29 U.S.C. §185(a), and ERISA, 29 U.S.C. §1002(5). Defendant Employer's last known address is 240 Franklinville Road, Woolwich, NJ 08085.

## JURISDICTION AND VENUE

13.     This Court has jurisdiction over the causes of action alleging a violation of ERISA pursuant to ERISA, 29 U.S.C. §§1132(a)(3), (d)(1) & 1145. This Court has jurisdiction over the causes of action alleging a violation of LMRA pursuant to Section 301(a) of the LMRA, 29 U.S.C. §185(a). This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C.A. §1367(a) because the state law claims derive from the same common nucleus of operative facts as Plaintiffs' federal law claims.

14.     Venue is proper in the Eastern District of Pennsylvania pursuant to 29 U.S.C. §185(a) and 29 U.S.C. §1132(e)(2). The above-identified Funds are administered in said judicial district and, pursuant to 28 U.S.C. §1391, substantial parts of the events giving rise to the claims (e.g. performance of the covered work/projects) are believed to have occurred within this judicial district. In addition, upon information and belief, the parties regularly conduct business within this judicial district.

## COMMON FACTS

15.     Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 14.

16.     The aforementioned Funds are created and administered pursuant to the terms of the Trust Agreements that are properly executed pursuant to state and local law.

17.     Since at least August 16, 2016 to date, Defendant was signatory to, or otherwise bound by, a collective bargaining agreement, and its amendments and

extensions, between the GBCA and Concrete Contractors' Association Classification Building and General Construction and the Laborers' District Council which sets forth, *inter alia*, the wages, hours, and other terms and conditions of employment of laborers employed by the Defendant. <u>See</u> e.g. Exhibit A (hereafter generally referred to as the "GBCA CBA").

18.     The GBCA CBA (hereafter referred to as the "Agreement") automatically renews from year to year unless each party gives notice in writing to the other party ninety (90) days prior to the expiration of the term, or of any extended term. To date, neither Plaintiffs nor Defendant Employer have given such notice of intention to terminate.

19.     Defendant Employer also agreed to abide by the terms of agreements and declarations of trust, as from time to time amended ("Trust Agreements"), pertaining to Plaintiff Funds and incorporated into the Agreement. Throughout this Complaint, references to the Agreement include and incorporate the related Trust Agreements.

20.     Pursuant to the Agreement and by virtue of its consent to become bound by the terms and conditions of employment negotiated by and between the Associations and the Union covering all work performed within the trade and geographic jurisdiction of the Union, Defendant Employer is required to remit reports, contributions, and deductions due for all hours of work performed by its employees under the Agreement in the preceding month to the Plaintiffs. As of this date, Defendant Employer is delinquent in its obligations to remit all its reports,

contributions, and/or deductions due under the GBCA CBA, at least during the audited period to the present.

21.     Pursuant to the Agreement, related Trust Agreements, delinquency policy, and/or applicable law, Plaintiffs are entitled to an audit of Defendant Employer to inspect and make copies of any and all records of the Employer pertaining to compensation paid to employees, hours worked by employees, monies withheld from employees for taxes paid on account of employees, and all other records relevant to, and of assistance in, determining whether the Employer's obligations thereunder to make payments to the Fund Depository were faithfully performed.

22.     Perry N. Blackman, CPA, engaged in an audit of Defendant Employer. He prepared an audit report dated September 30, 2019 in which he reported amounts due from Defendant Employer to Plaintiffs totaling $112,204.01 for the audited period. This includes principal of $110,404.01 and an $1,800.00 audit fee. A copy of the Audit Report is attached hereto as Exhibit B and incorporated by reference.

23.     Despite written notice and demands for delinquent reports and amounts due, Defendant Employer has failed to comply with its obligations under the GBCA CBA.

24.     Pursuant to the Agreement, related Trust Agreements, delinquency policy, and/or applicable law, Defendant Employer also agreed to pay and owes the Plaintiffs accrued interest at the rate provided in the applicable CBA, trust agreements and policies; liquidated damages; costs of suit and audit; and

attorneys' fees and costs. Pursuant to the Agreement, interest continues and has continued to accrue daily.

25.     Defendant Employer owes the Plaintiffs liquidated damages which, under applicable law and the Agreement, Trust Agreements, and/or delinquency policy, are at least 10% of the principal.

26.     Defendant Employer will also owe the Plaintiffs any audit fees necessary to ascertain additional amounts owed through judgment.

27.     Because Defendant Employer violated its reporting obligations under the Agreement, the Plaintiffs have been forced to incur additional administrative and legal expenses in ascertaining the extent of Defendant Employer's violation and in attempting to correct the arrearage.

28.     As long as the delinquent contributions and deductions and accompanying costs, fines, liquidated damages, and penalties remain unpaid and/or continue to accrue, the Plaintiffs lose the benefits of monetary income that would otherwise be realized if the contributions had been remitted by Defendant Employer in a timely fashion.

29.     These economic losses impair, or may impair, the Funds' ability to provide benefits to Defendant Employer's employees and to employees of other companies that have paid their contributions.

30.     Plaintiffs are prejudiced by the failure of Defendant Employer to timely pay the delinquent amounts.

31.     Defendant Employer's continued violation of the Agreement irreparably injures the Funds.

10

## COUNT ONE
## <u>GBCA ERISA CLAIM</u>

32.     Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 31.

33.     Defendant Employer has failed to make reports, contributions, and deductions to the Plaintiff ERISA Funds in violation of 29 U.S.C. §1145.

34.     Defendant Employer owes the Plaintiff ERISA Funds covered by the GBCA CBA accurate remittance reports, unpaid contributions, and deductions, as well as accrued interest, liquidated damages, audit costs, and attorneys' fees and costs.

35.     Section 502(a)(3)(B)(ii) of ERISA permits the Plaintiff ERISA Funds to seek equitable enforcement of the terms of the Agreement.

**WHEREFORE,** Plaintiff ERISA Funds request this Court grant the following relief:

(a)     that judgment be entered against Defendant Employer and in favor of all Plaintiff ERISA Funds covered by the GBCA CBA, as mandated by Section 502(g)(2) of ERISA, 29 U.S.C. §1132(g)(2), in the amount of total unpaid contributions, deductions, accrued interest, audit fees, costs, fines, liquidated damages, and penalties determined to be due and owing to the Plaintiff ERISA Funds before, during and as a consequence of the pendency of this lawsuit; interest on the unpaid contributions, and deductions at the rate provided under §502(g)(2) of ERISA, 29 U.S.C. §1132(g)(2); an amount equal to the greater of (i) interest on the unpaid contributions, or (ii) liquidated damages as prescribed by the plan, the collective bargaining

agreement(s), and/or by statute; reasonable attorneys' fees and costs of the action; and

(b)      order that Defendant Employer cooperate with an independent payroll audit conducted by Plaintiffs' agent; and

(c)      such other legal or equitable relief as this Court may deem appropriate.

## COUNT TWO
## BREACH OF GBCA CBA

36.      Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 35.

37.      Defendant Employer has failed to make accurate and complete remittance reports, contributions, and deductions to the Plaintiffs as required by the GBCA CBA and therefore owes the Plaintiffs the reports, contributions, and/or deductions as well as audit fees, accrued interest, liquidated damages, and attorneys' fees and costs.

38.      Defendant Employer's failure to make the required timely contributions and deductions and its failure to comply with its obligation to send to the Plaintiffs remittance reports that fully, accurately, and completely report the hours of work performed by its employees under the GBCA CBA is a breach of contract and subject to § 301 of the LMRA, 29 U.S.C. § 185(a).

39.      The Plaintiffs covered by the GBCA CBA have been damaged by the failure of the Defendant Employer to make contributions and deductions and submit accurate remittance reports as required by the Agreement.

**WHEREFORE,** Plaintiffs request this Court grant the following relief:

12

(a)      that judgment be entered against Defendant Employer and in favor of all Plaintiffs covered by the GBCA CBA in the amount of total unpaid contributions, deductions, accrued interest, audit fees, costs, fines, liquidated damages, and penalties determined to be due and owing to the Plaintiffs before, during and as a consequence of the pendency of this lawsuit; plus any additional amounts which are found to be due and owing during the pendency of this litigation including, but not limited to, accrued interest, audit fees, and attorneys' fees incurred in this action or in the collection and enforcement of any judgment, as provided by the Agreement; and

(b)      order that Defendant Employer cooperate with an independent payroll audit conducted by Plaintiffs' agent; and

(c)      such other legal or equitable relief as this Court may deem appropriate.

## COUNT THREE
## GBCA AND UNION THIRD PARTY BENEFICIARY CLAIM

40.    Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 39.

41.    The GBCA and the Union are intended third party beneficiaries of the Agreement.

42.    Defendant Employer was required under the terms and conditions of the Agreement to remit reports, contributions, and/or deductions to the GBCA, the GBCA IAP, the Union, and/or the PAC.

13

43.     Defendant Employer's failure to make the required timely reports, contributions, and/or deductions and its failure to comply with its obligation to send remittance reports to the Plaintiffs that fully, accurately, and completely report the hours of work performed by its employees under the Agreement is a breach of contract and the GBCA and/or the Union have been deprived of the benefit flowing therefrom to which they are entitled.

**WHEREFORE,** Plaintiffs GBCA and the Union request this Court enter judgment in their favor and against Defendant Employer and order that Defendant Employer cooperate with an independent payroll audit conducted by the Plaintiffs' agent and enter judgment against Defendant Employer and in favor of the GBCA and the Union in the amount of total unpaid contributions and deductions, accrued interest, audit fees, costs, fines, liquidated damages, and penalties determined to be due and owing to the GBCA and the Union before, during and as a consequence of the pendency of this lawsuit; plus any additional amounts which are found to be due and owing during the pendency of this litigation including, but not limited to, accrued interest, audit fees, and attorneys' fees incurred in this action or in the collection and enforcement of any judgment, as provided by the Agreement; and that the Court award the GBCA and the Union such other legal or equitable relief as this Court may deem appropriate.

**COUNT FOUR**
**DEMAND FOR AUDIT**

44.     Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 43.

45. The Agreement, related Trust Agreements, and delinquency policies authorize the Trustees' auditors to audit the Employers bound by the Agreement.

46. Unless an updated audit of Defendant Employer is performed, Plaintiffs will not have sufficient information or knowledge to plead the precise nature, extent, and amount of Defendant Employer's delinquency through judgment.

**WHEREFORE**, Plaintiffs request the Court:

(a) To order Defendant Employer, its officers, employees, representatives, and/or agents to permit an audit by the Plaintiffs' auditor of all records under the Defendant Employer's actual or constructive control and, in the absence of said records, to cooperate fully in alternative method(s) for the determination of work for which contributions are due; and

(b) To grant such other relief as this Court deems just, necessary, and appropriate.

**SUSANIN WIDMAN & BRENNAN, PC**

Date: 10/4/19                    By: _____
                                    Mariellen Bello, Esquire
                                    Attorney I.D. No. 60375
                                    656 East Swedesford Road, Suite 330
                                    Wayne, PA  19087
                                    Tel: 610 710-4510
                                    mbello@swbcounsellors.com
                                    Attorney for Plaintiffs

15

## **CERTIFICATE OF SERVICE**

I, Mariellen Bello, Esquire, do hereby certify that on this _4th_ day of _October_, 2019, I caused a true and correct copy of the foregoing Complaint to be served upon the following persons by U.S. mail, postage prepaid:

Secretary of Labor
200 Constitution Avenue, NW
Washington, DC 20224

and

Secretary of Treasury
1500 Pennsylvania Avenue, NW
Washington D.C. 20220

Date: _10/4/19_

_Mariellen Bello_
Mariellen Bello