IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BOARD OF TRUSTEES OF THE LABORERS' DISTRICT COUNCIL CONSTRUCTION INDUSTRY PENSION FUND, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>VG CONCRETE, LLC,<br>Defendant. | CIVIL ACTION<br>NO. 19-04642<br><br>**FILED**<br>FEB 0 7 2020<br>KATE BARKMAN, Clerk<br>By_____ Dep. Clerk |

PAPPERT, J.                                                              February 7, 2020

### MEMORANDUM

The Laborers' District Council of the Metropolitan Area of Philadelphia and Vicinity and its various Benefits Funds sued VG Concrete, LLC for violating the Employee Retirement Income Security Act and breaching a collective bargaining agreement. After VG Concrete failed to enter an appearance, the Clerk of Court entered a default against it. Plaintiffs now move for entry of default judgment, which the Court grants against VG Concrete in the amount of $151,225.07.

I

Plaintiffs and VG Concrete executed a collective bargaining agreement detailing "the wages, hours, and other terms and conditions" that VG Concrete would provide its laborers. (Compl. ¶ 17, ECF No. 1.) Under the agreement, VG Concrete must "remit reports, contributions, and deductions due for all hours of work performed by its employees" during the prior month. (*Id.* at ¶ 20.) An accountant determined, however,

1

that VG Concrete owed the Plaintiffs over $110,000 in unpaid contributions from October of 2016 through March of 2018. *See* (*id.* at ¶ 22); (*id.* Ex. B, ECF No. 1-2). VG Concrete likely owes more in unpaid contributions dating from March of 2018 to present. But without another audit, Plaintiffs cannot calculate the exact figure. *See* (Compl. ¶ 46). Along with that principal, VG Concrete was also liable for interest, liquidated damages, litigation and audit costs and attorneys' fees. *See* (*id.* at ¶ 24); *see also* 29 U.S.C. § 1132(g)(2). Plaintiffs sent "written notice and demands for the delinquent reports and amounts due," but VG Concrete never responded. (Compl. ¶ 23.)

Plaintiffs sued VG Concrete and properly served it with the summons and Complaint.[1] *See* (Aff. of Service, ECF No. 3); *Gambone v. Lite-Rock Drywall Corp.*, 124 F. App'x 78, 79–80 (3d Cir. 2005) (unpublished) (holding that leaving papers on doorstep after announcing service and defendant slammed the door was sufficient). VG Concrete, however, failed to enter an appearance in the case. The Clerk of Court entered a default, and Plaintiffs moved for a default judgment. *See* (Mot. for Default J., ECF No. 5). The Motion seeks $110,404.04 in unpaid contributions, $17,898.28 in interest, $17,898.28 in liquidated damages, $1,800 in audit fees and $3,224.50 in attorneys' fees and costs. *See* (*id.* at ¶ 14). It also requests that the Court order that VG Concrete allow Plaintiffs to audit its records within sixty days to calculate the

---

[1] The Court has also determined that it has personal and subject-matter jurisdiction over this action. *See* (Compl. ¶¶ 13–14 (invoking federal-question and supplemental jurisdiction, as well as alleging that the relevant events occurred within the Eastern District of Pennsylvania)). And the unchallenged facts in the Complaint constitute legitimate causes of action. *See* (*id.* at ¶¶ 15–46); 29 U.S.C. §§ 185(a), 1145.

unpaid contributions dating from April of 2018 to present. *See* (*id.* at ¶¶ 15–16); (Compl. ¶¶ 44–46).

II

A

After the Clerk enters default, a court may enter a default judgment against a properly served defendant who failed to file a timely responsive pleading. *See* Fed. R. Civ. P. 55(b)(2). Three factors control whether to enter a default judgment: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000).

When, as here, a defendant has failed to appear or respond to the complaint, this analysis is straightforward. Denying Plaintiffs' Motion would prejudice Plaintiffs by impairing the Benefits Plans' ability to pay its beneficiaries. *See Int'l Union of Operating Eng'rs of E. Pa. and Del. Benefit Pension Fund v. N. Abbonizio Contractors, Inc.*, 134 F. Supp. 3d 862, 865 (E.D. Pa. 2015). Because VG Concrete has not appeared, the Court presumes that it lacks a legitimate defense. *See Hill v. Williamsport Police Dep't*, 69 F. App'x 49, 53 (3d Cir. 2003) (Rendell, J., concurring) (unpublished) ("[I]t makes little sense for a plaintiff to be required to demonstrate that the defendant does not have meritorious defenses when the defendant has failed to respond."); *Carrroll v. Stettler*, No. 10-2262, 2012 WL 3279213, at *3 (E.D. Pa. Aug. 10, 2012) (unpublished). And VG Concrete's refusal to engage in the litigation process is culpable conduct meriting entry of a default judgment. *See Eastern Elec. Corp. of New Jersey v. Shoemaker Constr. Co.*, 657 F. Supp. 2d 545, 554 (E.D. Pa. 2009).

B

Once a court grants a motion for default judgment, it must then calculate the appropriate damages. *See Comdyni I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990). At this point, all factual allegations in the complaint, "except those relating to the amount of damages," are deemed true. *Id.* If a court can calculate damages with certainty from documentary evidence or in detailed affidavits, it need not hold a hearing. *See Durant v. Husband*, 28 F.3d 12, 15 (3d Cir. 1994); *accord Rainey v. Diamond State Port Corp.*, 354 F. App'x 722, 724 (3d Cir. 2009) (unpublished).

Under ERISA, the Court must award Plaintiffs: (1) the unpaid contributions; (2) interest on those contributions; (3) "an amount equal to the greater of" either the interest on the unpaid contributions or the "liquidated damages provided for under the [contract]"; (4) reasonable attorneys' fees and costs, and (5) any "other legal or equitable relief as the court deems appropriate." 29 U.S.C. § 1132(g)(2). The applicable interest rate is either "the rate provided under the [contract], or, if none, the rate prescribed under section 6621 of Title 26." *Id.*

The record shows that VG Concrete owes Plaintiffs $110,404.04 in unpaid contributions from October of 2016 through March of 2018. *See* (Compl. ¶ 22); (*id.* Ex. B, ECF No. 1-2); 29 U.S.C. § 1132(g)(2)(A). The contract states that VG Concrete must pay interest on those unpaid contributions at a rate "2% above prime." (Compl. Ex. A, at 15.) This rate yields $17,898.28 in interest on the unpaid contributions. *See* (Mot. for Default J. Ex. 1, ECF No. 5). Because this interest payment exceeds the liquidated damages provided by the contract—ten percent of the unpaid contributions (*i.e.*, $11,040.40)—VG Concrete owes Plaintiffs another $17,898.28. *See* 29 U.S.C. § 1132(g)(2)(C); *Trs. of Amalgamated Ins. Fund v. Sheldon Hall Clothing, Inc.*, 862 F.2d

4

1020, 1023 (3d Cir. 1988); *Bd of Trs. of the Laborers Dist. Council Constr. Indus. Pension Fund v. Phillips Enter., Inc.*, No. CV 15-06490, 2016 WL 2939509, at *3 (E.D. Pa. May 20, 2016) (unpublished). The contract also allows Plaintiffs to collect the $1,800 fee for the audit to assess VG Concrete's unpaid contributions from October of 2016 through March of 2018. *See* (Compl. ¶ 22); (*id.* Ex. A, at 15–16). And after scrutinizing Plaintiffs' fee petition and attached documents, the Court finds that Plaintiffs' requested $3,244.50 in attorneys' fees and costs is reasonable given the rates charged, hours worked, counsel's experience and costs incurred. *See* (Mot. for Default J. Ex. 2); (*id.* Attach. A.); (Appx. to Mot. for Default J., ECF No. 7); (Aff. Supp. Attorneys' Fees & Costs, ECF No. 7-1). Finally, because the contract gives Plaintiffs the right to examine VG Concrete's records, *see* (Compl. Ex. A, at 18), the Court orders VG Concrete to allow Plaintiffs to audit all records necessary to determine the unpaid contributions from April of 2018 to present, *see* 29 U.S.C. § 1132(g)(2)(E); *Cent. States, Se. and Sw. Areas Pension Fund v. Cent. Transport, Inc.*, 472 U.S. 559 (1985).

An appropriate Order follows.

BY THE COURT:

GERALD J. PAPPERT, J.

5